UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| RICHARD THOMAS,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., et al.,<br><br>Defendants. | CIVIL ACTION NO.: _____ |

## NOTICE OF REMOVAL

Defendant Amazon.com Services LLC (incorrectly named as "Amazon.com, Inc.") ("Amazon"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, files this Notice of Removal of the above-captioned action from the Supreme Court of the State of New York, County of Kings, where it is currently pending, to the United States District Court for the Eastern District of New York. As set forth below, pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, this Court has original jurisdiction over this matter because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. In addition, this Court has original jurisdiction over this matter because it arises under the Constitution, laws, or treaties of the United States (specifically, the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*), and the Court has supplemental jurisdiction over the state law claims asserted herein.

Amazon provides the following "short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a). *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

**THE STATE COURT ACTION**

1.      Amazon employee Richard Thomas ("Thomas" or "Plaintiff") commenced this action *pro se* on or about January 3, 2023, by filing a Complaint in the Supreme Court of the State of New York, County of Kings, Docket No. 500757/2023 against Amazon (the "State Court Action"). A true and correct copy of the Complaint is attached as **Exhibit 1**.

2.       The Complaint alleges Amazon violated the New York City Human Rights Law ("NYCHRL"), the New York State Human Rights Law ("NYSHRL"), RICO, and New York Labor Law ("NYLL"). *See* Ex. 1, ¶ 15.

3.      Amazon denies Thomas' claims and denies any liability for Thomas' alleged injuries.

**THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET**

4.      On January 18, 2023, Plaintiff served Amazon[1] through certified mail. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders, and other papers served on Amazon are attached as **Exhibit 2.**

5.      Removal is timely in that Amazon filed this Notice of Removal within 30 days of receipt, through service, of a copy of the initial pleading setting forth the claims for relief upon which Thomas' action is based. *See* 28 U.S.C. § 1446(b)(1).

---

[1] Although the Complaint's caption identifies Andrew R. Jassy as a defendant, Thomas has yet to serve Mr. Jassy with process. As a result, Mr. Jassy's consent is not required for purposes of this Notice of Removal. *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a) [based on a district court's original jurisdiction], all defendants who have been *properly joined and served* must join in or consent to the removal of the action.") (emphasis added). For reasons that will be established in Amazon's forthcoming motion to dismiss, Plaintiff has frivolously and improperly named Mr. Jassy as a defendant in this action.

6.      Thomas filed the state court action in the Supreme Court of the State of New York, County of Kings. Thus, pursuant to 28 U.S.C. 1441(a), venue properly lies in the United States District Court for the Eastern District of New York, the district embracing Kings County.

7.      Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be served upon Plaintiff and filed with the Clerk of the Supreme Court of the State of New York, County of Kings, as an exhibit to a Notice of Filing Notice of Removal. A copy of the Notice of Filing Notice of Removal that will be filed with the Clerk of the Supreme Court of the State of New York, County of Kings is attached hereto (without exhibits) as **Exhibit 3**.

**THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO**
**28 U.S.C. § 1332(a)**

8.      The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), because Thomas is a citizen of a state different from Amazon, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.[2]

**A. The Parties Are Diverse**

9.      Diversity between Thomas and Amazon existed at the time Mr. Thomas filed the Complaint and continues to exist as of this removal.

10.      Thomas alleges he resides in Brooklyn, New York. *See* Compl., Ex. 1, ¶ 1.  For purposes of this Notice, Thomas' allegation is sufficient to establish that he is a citizen of New York. *See, e.g.*, *Diego Beekman Mut. Hous. Ass'n Hous. Dev. Fund Corp. Hdfc. v. Dish Network, L.L.C.*, No. 15 Civ. 1094, 2016 WL 1060328, at *7 (S.D.N.Y. Mar. 15, 2016) ("[A]n individual's

---

[2] This Notice of Removal addresses the alleged nature and amount of damages placed at issue by Plaintiff's Complaint. Amazon maintains that Plaintiff's claims are without merit and that Amazon is not liable to Plaintiff. Amazon specifically denies that Plaintiff has suffered any damage as a result of any act or omission by Amazon. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages amounts based upon the allegations contained in the Complaint or otherwise.

3

residence at the time a lawsuit is commenced provides *prima facie* evidence of his domicile – which in turn determines citizenship.") (citation and internal quotation omitted).

11.     Amazon.com Services LLC (incorrectly named as "Amazon.com, Inc." in this action) is now, and was at the time this action was commenced, a limited liability company. For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members. *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019). Amazon.com Services LLC's sole member is Amazon.com Sales, Inc., which is incorporated in the State of Delaware with its principal place of business in Seattle, Washington. *See* Certification of Counsel, **Exhibit 4**, at ¶ 2. Thus, Amazon.com Services LLC is, and was at the time this action was commenced, a citizen of the State of Delaware and the State of Washington, and not a citizen of New York.

12.     Although improperly named, Amazon.com, Inc. is not a citizen of New York. Amazon.com, Inc. is now, and was at the time Mr. Thomas filed his Complaint, a corporation organized under the laws of the State of Delaware with its principal place of business in Seattle, Washington. Certification of Counsel, Ex. 4, at ¶ 3. Thus, at all times relevant, Amazon.com, Inc. has been a citizen of Delaware and Washington, and not a citizen of New York.[3] 28 U.S.C. § 1332(c)(1).

13.     Because Thomas is, and was at the time he filed the Complaint, a citizen of New York, and because Amazon is, and was at the time Thomas filed the Complaint, a citizen of

---

[3] Andrew R. Jassy is not a citizen of New York, either. He is now, and was at the time Thomas filed his Complaint, a citizen of the State of Washington. Certification of Counsel, Ex. 4, at ¶ 5. Mr. Jassy consents to removal of this action. *See id.* So, even if Thomas had properly served Mr. Jassy, diversity of citizenship would still exist, and removal would still be proper.

4

Delaware and Washington, diversity of citizenship exists between the parties and existed at the time the Complaint was filed. *See* 28 U.S.C. § 1332(d)(2)(A).

### B. The Amount in Controversy Exceeds $75,000

14. As alleged in the Complaint, Mr. Thomas expressly seeks to recover damages well in excess of $75,000, exclusive of interest and costs. *See* Compl., Ex. 1 at ¶¶ 19-20. Therefore, the amount in controversy exceeds the $75,000 threshold set forth at 28 U.S.C. § 1332(a). *See Reyes v. Reyes*, No. 11-2536, 2012 WL 4058037, at *5 (E.D.N.Y. Sept. 14, 2012) (in *pro se* action, holding that plaintiff's allegation that amount in controversy exceeds $75,000 is sufficient to establish diversity jurisdiction, "even where [the] allegations leave grave doubt about the likelihood of a recovery of the requisite amount").

### THIS COURT ALSO HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1331 AND 1367

15. In addition to having jurisdiction pursuant to 28 U.S.C. § 1332(a), this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Thomas alleges that it arises under the laws of the United States: specifically, RICO, 18 U.S.C. § 1961-1968. *See* 28 U.S.C. § 1331.

16. Thomas alleges Amazon violated RICO, 18 U.S.C. §§ 1961-68, based on his alleged experiences as an Amazon employee. *See* Compl., Ex. 1 at ¶¶ 4-13, 15. Relying on the same allegations as his RICO claim, Thomas also alleges Amazon violated the NYCHRL, NYSHRL, and NYLL. *See* Compl., Ex. 1 at ¶¶ 4-13, 15.

17. This Court, therefore, has supplemental jurisdiction over Thomas' NYCHRL, NYSHRL, and NYLL claims, because they arise out of the same alleged facts as his RICO claim and thus form part of the same case or controversy. *See* 28 U.S.C. § 1367.

**WHEREFORE**, Amazon gives notice that the matter bearing civil action number 500757/2023 in the Supreme Court of the State of New York, County of Kings, is hereby removed to the United States District Court for the Eastern District of New York, and Amazon further requests that this Court retain jurisdiction for all further proceedings in this matter.

Dated:  February 16, 2023

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

/s/ Jason Burns
Jason D. Burns
One Vanderbilt Avenue
New York, New York
(212)-801-9294
Jason.Burns@gtlaw.com

Christiana L. Signs*
Malcolm J. Ingram*
*Applications for admission *pro hac vice* forthcoming
1717 Arch Street, Suite 400
Philadelphia, PA 19103
(215) 988-7868
(215) 988-7830
signsc@gtlaw.com
ingramm@gtlaw.com

*Attorneys for Amazon.com Services LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| RICHARD THOMAS,<br><br>               Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., et al.,<br><br>               Defendants. | CIVIL ACTION NO.: _____ |

**CERTIFICATE OF SERVICE**

I, Jason D. Burns, hereby certify that on February 16, 2023, I caused a true and correct copy of the foregoing Notice of Removal to be served by way of U.S. Mail on Plaintiff Richard Thomas, *pro se*, at 158 Linden Blvd., Apartment 9, Brooklyn, NY 11226.

/s/ Jason Burns
Jason D. Burns

7