UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RICHARD THOMAS,

              Plaintiff,

    v.

AMAZON.COM, INC., et al.,

              Defendants.

**MEMORANDUM & ORDER**
23-CV-01271 (HG) (RER)

**HECTOR GONZALEZ**, United States District Judge:

       This action was commenced by *pro se* plaintiff Richard Thomas in Kings County Supreme Court on January 3, 2023. ECF No. 1-1 (Complaint). The complaint raises a myriad of claims arising from Plaintiff's employment at Defendant Amazon.com Services LLC (named in the complaint as "Amazon.com, Inc." and referred to herein as "Amazon" or "Defendant"). *Id;* ECF No. 9 (Defendant's Response) at 7. Plaintiff asserts several state law claims under the New York Labor Law ("NYLL"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). ECF No. 1-1 at 13. In addition to these statutory claims, Plaintiff also alleges a state law claim for wrongful death on his own behalf and as the representative of his deceased mother's estate. *Id.* at 12-13. Finally, Plaintiff asserts a claim under the federal Racketeer Influenced and Corrupt Organizations ("RICO") statute. *Id.* at 13; 18 U.S.C. §§ 1961-1968. In connection with these claims, Plaintiff seeks compensatory damages, front and back pay, wages, punitive damages of more than one trillion dollars, and injunctive relief. *See* ECF No. 1-1 at ¶¶ 14, 16-20.

       Amazon removed the case to this Court on February 16, 2023, based on both diversity and federal question jurisdiction. ECF No. 1 (Notice of Removal) at 1. Thereafter, on March 6, 2023, Plaintiff moved to remand the case to Kings County Supreme Court, and to amend his

complaint to, among other things, abandon his RICO claim and modify his punitive damages demand from one trillion dollars to an unspecified amount. ECF No. 6 (Plaintiff's Motion to Amend and Remand). Defendant opposes both motions. ECF No. 9. For the reasons set forth herein, the Court denies the motions.

## **LEGAL STANDARD**[1]

Subject to exceptions not applicable here, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). Although "[t]he removing defendant has the burden of establishing federal jurisdiction," *see Tantaros v. Fox News Network, LLC*, 12 F.4th 135, 141 (2d Cir. 2021), there is a "rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy," *see Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003).[2] Indeed, "[t]he presence of diversity jurisdiction — including the amount in controversy requirement — is measured at the time a complaint is filed." *Daniels v. Am. Airlines Inc.*, No. 19-cv-3110, 2022 WL 493573, at *13 (E.D.N.Y. Feb. 17, 2022). Nevertheless, "[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617 (2d Cir. 2019).

---

[1] Since Plaintiff is representing himself *pro se*, his papers "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

[2] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

With respect to the motion to amend, while Federal Rule of Civil Procedure 15(a)(2) requires courts to grant leave to amend "when justice so requires," a district court may consider the motivation of a plaintiff and deny the motion "in instances of . . . undue delay, bad faith or dilatory motive[.]" *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008). And, certainly, attempting to amend to divest a district court of subject matter jurisdiction is reason alone to deny a motion to amend. *See, e.g.*, *McGee v. State Farm Mut. Auto. Ins. Co.*, 684 F. Supp. 2d 258, 264 (E.D.N.Y. 2009) (denying motion to amend where "the complaint was amended with the deliberate purpose of divesting this Court of jurisdiction"); *Payne v. Parkchester N. Condominiums*, 134 F. Supp. 2d 582, 586 (S.D.N.Y. 2001) (denying motion to amend where "plaintiffs . . . resolved to manipulate their forum without any reasonable or fair justification").

## **DISCUSSION**

Defendant properly followed the substantive and procedural requirements of the removal statute when removing this case. *See* 28 U.S.C. §§ 1441, 1446. While Plaintiff raises several bases in support of his motion to remand, the gist of his application is twofold: the Court lacks diversity jurisdiction as the amount in controversy does not exceed $75,000, and, the Court lacks federal question jurisdiction because the proposed amended complaint drops the federal RICO claim.³ ECF No. 10 (Plaintiff's Reply Affirmation) at 3-4.

---

³  Plaintiff fails to offer any reason why he seeks to amend his complaint to drop the RICO claim. In the absence of an explanation, the Court concludes that the amendment is an inappropriate attempt to avoid removal by stripping the Court of its federal question jurisdiction. *See Luby's Fuddruckers Restaurants, LLC v. Visa Inc.*, 342 F. Supp. 3d 306, 320 (E.D.N.Y. 2018). Although the Court denies Plaintiff's motion to amend the complaint as part of his motion to remand, Plaintiff may amend his complaint as a matter of course in response to Defendant's anticipated motion to dismiss. *See* Fed. R. Civ. P. 15(a)(1)(B).

3

Regardless of whether the Court were to permit Plaintiff to amend his complaint to remove the federal RICO claim, diversity jurisdiction exists, and the Court may hear Plaintiff's claims. Diversity jurisdiction is met when the amount in controversy "exceeds the sum or value of $75,000" and the parties are "citizens of different States." 28 U.S.C. § 1332. As an initial matter, the parties are diverse. Plaintiff is a citizen of New York, ECF No. 1-1 at ¶ 1, and Amazon.com Services LLC, a limited liability company, is a citizen of the states of Delaware and Washington. ECF No. 1-4 at ¶ 2.[4]

Additionally, the complaint (both the original and the proposed amended complaint) on its face supports a finding that the amount in controversy exceeds $75,000. Here, as the party seeking remand, Plaintiff bears the burden of rebutting the quantum of damages identified in his complaint at the time it was filed. *Scherer*, 347 F.3d at 397; *Daniels*, 2022 WL 493573, at *13. To do so, he "must show to a *legal certainty* that the amount recoverable does not meet the jurisdiction threshold." *Gray v. Amazon.com, Inc.*, No. 21-cv-116, 2021 WL 1909737, at *2 (N.D.N.Y. May 12, 2021) (emphasis added). In other words, the question for the Court to decide is whether Plaintiff has shown that he cannot recover the amount alleged in his original complaint. He has failed to do so. Even if Plaintiff were allowed to amend his complaint as proposed, the damages set forth in the amended complaint easily exceed the jurisdictional threshold given the total number of claims asserted: wrongful death; NYLL damages; emotional distress under the NYSHRL and the NYCHRL; and punitive damages. The Court in exercising its "judicial experience and common sense," *see Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010), determines that any potential damages award here, based on a conservative

---

[4] Amazon.com, Inc. is also a citizen of Delaware and Washington. ECF No. 1-4 at ¶ 3. The individual defendant, Andrew Jassey, Amazon's CEO, has not been served, but nevertheless is a citizen of Washington and consents to removal. ECF No. 1-4, at ¶ 5

estimate based on a sampling of damage awards in this Circuit for similar claims, can easily exceed $75,000. Consequently, the Court has subject matter jurisdiction to hear Plaintiff's claims.

\* \* \*

The remaining arguments raised by Plaintiff not addressed herein are without merit.

## CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's request to remand this case to state court and to amend his complaint.[5] *See* ECF No. 6. Defendant shall file on or before December 1, 2023, an opening brief in support of its motion to dismiss based on the issues raised in Defendant's pre-motion letter. *See* ECF No. 7. Plaintiff shall file opposition papers on or before January 2, 2024, and Defendant's reply, if any, shall be filed on or before January 16, 2024.

SO ORDERED.

                                                     */s/ Hector Gonzalez*
                                                     HECTOR GONZALEZ
                                                     United States District Judge

Dated:  Brooklyn, New York
        November 1, 2023

---

[5]     As noted above, although the Court denies Plaintiff's motion to amend the complaint as part of his motion to remand, Plaintiff may amend his complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) as a matter of course in response to Defendant's anticipated motion to dismiss.