UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RICHARD THOMAS,

                    Plaintiff,

          v.

AMAZON.COM, INC. *et al.*,

                    Defendants.

**MEMORANDUM & ORDER**
23-CV-1271 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff Richard Thomas has moved pursuant to Federal Rule of Civil Procedure 65(a) for a preliminary injunction. ECF No. 51 (Motion for Preliminary Injunction). Plaintiff requests an order requiring Defendant Amazon.com Services, LLC ("Amazon") to: (a) reinstate him in his former position with all the "terms, conditions, and privileges associated with [that] employment," and (b) provide him with compensation, including backpay. ECF No. 51 at 1.[1] Amazon opposes the motion. ECF No. 52 (Defendant's Opposition). For the reasons stated herein, Plaintiff's motion is denied.

**BACKGROUND**

This action was commenced by *pro se* Plaintiff Richard Thomas in Kings County Supreme Court on January 3, 2023. ECF No. 1-1 (Complaint). Amazon removed the action on February 16, 2023, and the Court denied Plaintiff's motion to remand the case to state court on November 1, 2023. ECF No. 1 (Notice of Removal); ECF No. 19 (Order Denying Motion for Remand). On December 20, 2023, Plaintiff filed an Amended Complaint, which Amazon moved to dismiss on January 19, 2024. ECF No. 24 (Amended Complaint); ECF No. 29 (Amazon Motion to Dismiss). Plaintiff subsequently effectuated service on Defendant Andrew Jassy,

---

[1]      The Court cites to page numbers assigned by the Electronic Case Files System ("ECF").

Amazon's Chief Executive Officer, who has also moved to dismiss the Amended Complaint. ECF No. 45 (Jassy Motion to Dismiss).  Defendants' motions to dismiss are *sub judice*.  In the interim, Plaintiff requested leave to move for a preliminary injunction, *see* ECF No. 32, which the Court permitted, *see* April 23, 2024, Text Order.  That motion is now fully briefed.

The Amended Complaint raises a myriad of claims arising from Plaintiff's employment at Amazon.  *See generally* ECF No. 24.  Plaintiff asserts several state law claims under the New York Labor Law ("NYLL"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").  *Id.* at 1, 2, 18, 20.  In addition to these statutory claims, Plaintiff also alleges:  (i) a wrongful death claim on behalf of himself and on behalf of his mother's estate; (ii) discrimination claims based on race, gender, religion, and disability; (iii) claims of sexual harassment; (iv) retaliation claims; and (v) a wrongful termination claim.  *Id.* at 3–19.  In connection with these claims, Plaintiff seeks compensatory damages, punitive damages, and injunctive relief.  *Id.* at 20

## LEGAL STANDARD

"A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a *clear showing*, carries the burden of persuasion."  *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007) (emphasis in original).[2]  "The purpose of such interim equitable relief is not to conclusively determine the rights of the parties, but to balance the equities as the litigation moves forward."  *Trump v. Int'l Refugee Assistance Project*, 582 U.S. 571, 580 (2017); *see also Am. Civ. Liberties Union v. Clapper*, 804 F.3d 617, 622 (2d Cir. 2015) ("A preliminary injunction is an equitable remedy and an act of discretion by the court.").

---

[2]     Unless noted, case law quotations in this Order accept all alterations and omit all internal quotation marks, citations, and footnotes.

Ordinarily, a party seeking a preliminary injunction must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *JTH Tax, LLC v. Agnant*, 62 F.4th 658, 667 (2d Cir. 2023). However, when a party seeks a "mandatory injunction – that is, an injunction that alters the status quo, which usually is done by commanding some positive act," the moving party must satisfy a "heightened standard." *Id.* at 667. The Second Circuit defines the "status quo" as the "parties' pre-controversy position vis-à-vis the other." *N. Am. Soccer League v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 38 (2d Cir. 2018). The "heightened standard" that is required to be established by the party seeking a mandatory injunction is satisfied by "showing a *clear or substantial* likelihood of success on the merits, and by making a *strong* showing of irreparable harm." *JTH Tax*, 62 F.4th at 667. (emphasis added).

## DISCUSSION

Because the Court finds that Plaintiff has not established the requisite elements under the ordinary standard for a preliminary injunction, the Court does not need to consider the heightened standard for a mandatory injunction. *Cf. OurBus, Inc. v. City of Ithaca*, No. 19-cv-0356, 2019 WL 2710111, at *16 (N.D.N.Y. June 28, 2019) ("Although I am inclined to conclude that the heightened standard associated with a mandatory injunction need not be applied in this case, . . . under either standard, [plaintiff] has not met its burden.")

Fatally, Plaintiff has not shown that he will suffer irreparable harm if his motion for a preliminary injunction is not granted. *See generally Robinson-Pitts v. Bd. of Educ. of New York*, 544 F. Supp. 187 (E.D.N.Y. 1982) (denying preliminary injunction where plaintiff failed to show irreparable harm). Irreparable harm is "the single most important prerequisite for the issuance of

a preliminary injunction." *JTH Tax*, 62 F.4th at 672.  To establish irreparable harm, Plaintiff must show that he "will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Id.*  "Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances." *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005).  Plaintiff has not alleged what injury he will suffer if the Court waits until the end of trial to resolve his claims, and "the injuries that generally attend a discharge from employment—loss of reputation, loss of income and difficulty in finding other employment—do not constitute the irreparable harm necessary to obtain a preliminary injunction." *Guitard v. U.S. Sec'y of Navy*, 967 F.2d 737, 742 (2d Cir. 1992).

The Court separately finds that there are various adequate remedies at law that are available to Plaintiff.  For example, if Plaintiff succeeds in this lawsuit, the Court may order his reinstatement.  *See Serricchio v. Wachovia Sec. LLC*, 658 F.3d 169, 193 (2d Cir. 2011) ("[O]ur Circuit favors reinstatement as a remedy in employment cases generally.").  And, if reinstatement is not practicable, monetary damages, including front pay and back pay, may be available to Plaintiff.  *See Bergenson v. N.Y. State Off. of Mental Health*, 652 F.3d 277, 287–88 (2d Cir. 2011) ("An award of front pay is an alternative to reinstatement where reinstatement is inappropriate."); *Ahmad v. Long Island Univ.*, 18 F. Supp. 2d 245, 249 (E.D.N.Y. 1998) ("If the plaintiff prevails in this case on the merits, he may be awarded his back pay, front pay, [and] the value of any lost benefits or earnings.").

The timing of Plaintiff's motion also undermines any argument that he has been irreparably harmed.  A plaintiff's unreasonable delay in moving for a preliminary injunction may "preclude the granting of preliminary injunctive relief, because the failure to act sooner

undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and

suggests that there is, in fact, no irreparable injury." *Tough Traveler, Ltd. v. Outbound Prods.*,

60 F.3d 964, 968 (2d Cir. 1995).  "There is no bright-line rule for how much delay is too much,

but courts in this Circuit typically decline to grant preliminary injunctions in the face of

unexplained delays of more than two months." *BakeMark USA LLC v. Negron*, No. 23-cv-2360,

2024 WL 1075280, at *23 (S.D.N.Y. Jan. 12, 2024).  Plaintiff alleges that he was wrongfully

terminated on April 8, 2023, *see* ECF No. 24 at 17, but he waited until February 2024, to seek a

preliminary injunction, *see* ECF No. 32.  Plaintiff provides no explanation for why he waited ten

months to seek preliminary injunctive relief, and therefore the Court finds this to be an

unreasonable delay.  Accordingly, the Court finds that Plaintiff has not established that he

suffered irreparable harm, and therefore his motion for a preliminary injunction is denied.[3]

---

[3]     Even if I had concluded that irreparable harm was shown, I would have still denied the
motion because Plaintiff has not shown a likelihood of success on the merits or that the
injunctive relief requested is in the public interest.  *JTH Tax*, 62 F.4th at 667.  Plaintiff argues
that he is entitled to reinstatement and compensation because Amazon had "committed a
retaliatory and wrongful termination upon the [P]laintiff, and the [P]laintiff has failed to attain
fulltime employment, with similar pay and similar benefits of his last fulltime employment with
Amazon," ECF No. 51 at 3, and because reinstatement is contemplated by Amazon's internal
procedures, *see id.* at 7.  While Plaintiff may put forth evidence to substantiate those claims
during discovery and at trial, these conclusory allegations are insufficient to show a likelihood of
success warranting the injunctive relief he seeks.  *See Robinson-Pitts*, 544 F. Supp. at 188 n.5
(finding likelihood of success was not shown where "plaintiff's affidavits do nothing more than
make bald and conclusory allegations regarding the motives behind [plaintiff's] dismissal").
And, Plaintiff does not raise serious questions on the merits in a way that shows the balance of
hardships tips in his favor because "[e]ven though [Plaintiff] may experience substantial hardship
as a result of his continued unemployment, the [Defendant] would also be harmed by an order
forcing [Plaintiff's] reinstatement before the court determines whether his termination was
legally permissible." *See Rao v. N. Y. Health & Hosps. Corp.*, No. 89-cv-2700, 1990 WL
201662, at *6 (S.D.N.Y. Dec. 6, 1990), *on reconsideration*, 1991 WL 64455 (S.D.N.Y. Apr. 12,
1991), and *aff'd sub nom. Rao v. N. Y. Health & Hosps. Corp.*, 946 F.2d 883 (2d Cir. 1991).
Furthermore, because Plaintiff fails to address the public interest prong in his papers, I find that
he has made no showing to support the conclusion that a preliminary injunction is in the public
interest.

## <u>CONCLUSION</u>

For the reasons stated above, Plaintiff's motion for a preliminary injunction is denied.

*See* ECF No. 51.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.

*Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is respectfully directed to mail a copy of this Order to *pro se* Plaintiff.


SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
    July 15, 2024