UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RICHARD THOMAS,

        Plaintiff,

v.

AMAZON.COM SERVICES LLC,
AMAZON.COM INC, and ANDREW R.
JASSY,

        Defendants.

**MEMORANDUM & ORDER**
23-CV-01271 (HG) (JAM)

**HECTOR GONZALEZ**, United States District Judge:

On January 21, 2025, I granted Defendants' motions to dismiss the Amended Complaint ("AC"), finding that *pro se* Plaintiff failed to state a federal claim upon which relief could be granted and declining to exercise supplemental jurisdiction over his state law claims. *See Thomas v. Amazon.com Servs. LLC*, No. 23-cv-01271, 2025 WL 253276, at *1 (E.D.N.Y. Jan. 21, 2025) (Dismissal Order). The Clerk of Court entered judgment against Plaintiff and closed this case on January 28, 2025. ECF No. 70 (Judgment).[1] That same day, Plaintiff filed a motion to disqualify me from the matter and for a new trial or amended judgment, *see* ECF No. 69 (First Disqualification Motion), which I denied, *see* January 29, 2025, Text Order.

Plaintiff has now filed a second disqualification motion, seeking: (i) my recusal from this matter pursuant to 28 U.S.C. § 455 and the Fifth and Fourteenth Amendments of the U.S. Constitution; (ii) relief from the Judgment, pursuant to Fed. R. Civ. P. 60(b); and

---

[1] Unless otherwise indicated, when quoting cases and Plaintiff's motion, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

(iii) reassignment to a different judge. *See* ECF No. 71 at 2, 11 (Second Disqualification Motion, "Mot."). For the reasons stated herein, Plaintiff's motion is DENIED.

## DISCUSSION

### I. Disqualification Under § 455

Plaintiff moves to disqualify me from this action under 28 U.S.C. § 455(a) and (b)(4). *See* Mot. at 3–5. He claims that I have a "financial interest" in Defendant Amazon.com Services LLC because he reviewed my 2024 annual judiciary financial disclosure report and saw that I disclosed having, *inter alia*: (i) a capital account with my former firm, Dechert LLP ("Dechert"), who Plaintiff mistakenly believes to represent Amazon in an unrelated matter; and (ii) shares in a Vanguard index fund that holds Amazon stock within the fund. *See id.* Plaintiff also claims that Dechert's purported "representation of Amazon" in that unrelated matter "creates the appearance of favoritism or bias." *See id.*

Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." A judge shall also disqualify himself where "[h]e knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding[.]" 28 U.S.C. § 455(b)(4). Under the Second Circuit's "reasonable observer" test, § 455 recusal is appropriate where the judge has: (i) expressed a personal bias concerning the outcome of the case at issue; (ii) a direct personal or fiduciary interest in the outcome of the case; or (iii) had contemporaneous extrajudicial contact with someone who has personal knowledge of outcome-determinative facts in the case. *See Green v. New York City Health & Hosps. Corp.*, No. 04-cv-05144, 2005 WL 8178956, at *2

(S.D.N.Y. Aug. 19, 2005), *aff'd,* 343 F. App'x 712 (2d Cir. 2009) (citing *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992)).

"There is as much obligation upon a judge not to recuse himself when there is no occasion for him to do so as there is for him to do so when there is." *United States v. Oluwafemi*, 883 F. Supp. 885, 890–91 (E.D.N.Y. 1995) (citing *Wolfson v. Palmieri*, 396 F.2d 121, 124 (2d Cir. 1968). "Remote, contingent, or speculative interests do not constitute grounds for disqualification." *Id.* And "there exists a strong presumption of a judge's impartiality which may only be overcome by adequate proof to the contrary." *Wiltshire v. Williams*, No. 10-cv-6947, 2012 WL 899383, at *6 (S.D.N.Y. Mar. 16, 2012). "Therefore, the moving party bears a substantial burden to show that disqualification is proper." *Oluwafemi*, 883 F. Supp. at 891 (citing *In re Drexel Burnham Lambert, Inc.,* 861 F.2d 1307, 1313 (2d Cir. 1988)).

    A.    The Motion is Untimely

"It is well-settled that a party must raise its claim of a district court's disqualification at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim. . . . [A] movant may not hold back and wait, hedging its bets against the eventual outcome." *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333–34 (2d Cir. 1987). "Postjudgment recusal motions are not a means to allow parties to withhold recusal motions pending a favorable resolution of their disputes on the merits and then, if necessary, invoke section 455 in order to have the merits reconsidered." *Blake v. Potter*, No. 03-cv-743, 2010 WL 4536974, at *2 (S.D.N.Y. Nov. 8, 2010).

Plaintiff's motion—made eight months after Judgment was entered and the case was closed—is untimely. *See id.* ("The Second Circuit has established that a motion for recusal made after the entry of judgment is presumed untimely.") (citing *Apple*, 829 F.2d at 333). Plaintiff

3

offers no explanation for his failure to raise the issue sooner. He only states that he "recently identified the Dechert LLP capital account" and "was not aware" of it when he made his First Disqualification Motion. Mot. at 4. Yet this information has been publicly disclosed since 2023. And he says nothing of his failure to timely raise his other purported financial interest or impartiality concerns.

### B. Recusal Is Not Warranted

In any event, Plaintiff's motion is meritless. "Disqualification is not required on the basis of remote, contingent, indirect or speculative interests." *United States v. Thompson*, 76 F.3d 442, 451 (2d Cir. 1996).

Starting with his arguments under § 455(b)(4), neither the capital account with my former firm nor my index fund investments constitute a "financial interest" in Defendant or any other interest that could be affected by the outcome of this proceeding. A capital account does not create a "financial interest" in any of the firm's clients. Likewise, my index fund investments are expressly excluded from the class of financial interests requiring recusal, as I do not participate in the management of any funds that hold Amazon as a stock. *See* § 455(d)(4)(i) ("Ownership in a mutual or common investment fund that holds securities is not a 'financial interest' in such securities unless the judge participates in the management of the fund[.]"). Thus, recusal is not warranted.

Plaintiff also argues for disqualification under § 455(a), claiming that my "financial tie to Dechert LLP," combined with his mistaken belief that Dechert represents Amazon in another, unrelated matter, "creates the appearance of favoritism or bias." Mot. at 5. Yet this alleged interest is also too "remote, contingent, indirect or speculative" to warrant disqualification. *See Thompson*, 76 F.3d at 451.

4

The matter to which Plaintiff refers is *Amazon.com Services LLC v. National Labor Relations Board*, No. 24-50761 (5th Cir. Sept. 27, 2024).  A review of that docket and the exhibit Plaintiff attaches to his motion reveals that Dechert does not even represent Amazon.  *See* ECF No. 71 at 16 (Plaintiff's Exhibit A).  Dechert represents the United States Chamber of Commerce and filed an *amicus curiae* brief on its behalf.  Dechert's filing of an *amicus curiae* brief on behalf of an unrelated party, in an unrelated matter, makes the connection Plaintiff advances too attenuated to meet his "substantial" burden to overcome the "strong presumption of a judge's impartiality[.]"  *See Oluwafemi*, 883 F. Supp. at 891; *Wiltshire*, 2012 WL 899383, at *6.

Even if Plaintiff was correct and Dechert represented Amazon in an unrelated matter, that connection would still be too remote and indirect to warrant disqualification.  *See Thompson*, 76 F.3d at 451.  "There are a number of recusal cases involving judges' former law firms, and it is rare that recusal is granted based only on a question of impartiality because of the judge's former affiliation."  *Loc. 338, RWDSU v. Trade Fair Supermarkets*, 455 F. Supp. 2d 143, 144 (E.D.N.Y. 2006); *see also Faulkner v. National Geographic Soc.*, 296 F. Supp. 2d 488 (S.D.N.Y.), *aff'd*, 409 F.3d 26 (2d Cir. 2005) (recusal not required where judge once represented the defendant in an unrelated matter while the judge was a practicing lawyer, even though his former law firm colleague had been a member of the defendant's board while they were associated in practice); *United States v. Hild*, No. 23-6136, 2025 WL 2924205, at *3 (2d Cir. Oct. 15, 2025) (recusal not required where judge's husband is currently a partner at the law firm representing victims in the case, but her husband is not personally involved in the representation).  Here too, recusal would be unwarranted.

*       *       *

In short, Plaintiff's motion for disqualification under 28 U.S.C. § 455 is both untimely and meritless.[2]

## II.   Relief from Judgment Under Rule 60(b)

Next, Plaintiff moves to vacate the Judgment under Fed. R. Civ. P. 60(b)(6). *See* Mot. at 5. He claims that I harbor "bias or prejudice" toward him. *See id.* at 6. Plaintiff argues that I: (i) *sua sponte* denied him *in forma pauperis* ("IFP") status; (ii) "always favored the defendant Amazon" in my decisions in this action; and (iii) "presented false statements" in my Dismissal Order. *See id.* at 7. None of his arguments warrants relief.

Rule 60(b) permits a court to relieve a party from a final judgment for certain enumerated reasons. *See* Fed. R. Civ. P. 60(b)(1)–(6). Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). Indeed, "for such a motion to succeed the movant must present highly convincing evidence in support of the motion, show good cause for the failure to act sooner, and show that no undue hardship will be imposed on the non-moving party as a result." *Whiddon v. Buzzfeed, Inc.*, No. 22-cv-4696, 2022 WL 17632593, at *5 (S.D.N.Y. Dec. 13, 2022) (citing *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)). "The decision whether to grant a party's Rule 60(b) motion is committed to the sound discretion of the district court." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). "A Rule 60(b)

---

[2] Plaintiff's motion for disqualification under the Fifth and Fourteenth Amendments of the U.S. Constitution also fails. "Under the Due Process Clause, 'a judge must recuse himself when he has a direct, personal, substantial, pecuniary interest in a case.'" *Residents & Fams. United to Save Our Adult Homes v. Zucker*, No. 16-cv-1683, 2017 WL 5641043, at *3 (E.D.N.Y. Nov. 22, 2017) (citing *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 876 (2009)). However, "where a movant's claim of bias under Section 455 fails on the merits and does not mandate recusal, recusal is likewise unwarranted under the Due Process Clause." *Id.*

6

motion is properly denied where it seeks only to relitigate issues already decided." *Djenasevic v. New York*, No. 17-cv-6366, 2019 WL 2330854, at *2 (E.D.N.Y. May 30, 2019).

Rule 60(b)(6) "'only applies if the reasons offered for relief from judgment are not covered under the more specific provisions of Rule 60(b)(1)–(5).'" *Gustavia Home, LLC v. Hoyer*, No. 16-cv-4015, 2022 WL 875096, at *4 (E.D.N.Y. Mar. 23, 2022) (quoting *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000)); *see also ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 109 (2d Cir. 2012) ("Rule 60(b)(6) relief is only available if Rules 60(b)(1) through (5) do not apply[.]").

   A. *Denying IFP Status for Appeal*

Plaintiff takes issue with my inclusion of the following language in the Dismissal Order, *Thomas*, 2025 WL 253276, at *15, and a prior Order denying his motion for a preliminary injunction, ECF No. 58:

> The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith; therefore, in forma pauperis status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

*See* Mot. at 6. Because Plaintiff did not move for IFP status, he claims that I "maliciously" included this language, "discriminating" against him because he is Black, and "prejudging" that he "is poor and can't afford an appeal." *Id.* "Judge Gonzalez's totalitarian and prejudicial actions were used to maliciously place a barrier or wall around the Eastern District of New York, and bar or ban the plaintiff from exercising his constitutional rights, and his New York City and New York State Human Rights, and other city, state, and federal rights." *Id.* Plaintiff goes on to state that the "prejudicial action was also used as a threat or coercion to prevent or stop" him "from appealing and exposing the astronomical number of errors by Judge Gonzalez." *Id.* at 6–7.

Even where a *pro se* plaintiff has not requested to proceed IFP, district courts throughout this circuit include this language in orders from which an appeal would be frivolous, to obviate the need for district court judges to make a separate ruling on IFP after a case has been dismissed. *See, e.g., Burton v. Wells Fargo Bank, N.A.*, 738 F. Supp. 3d 272, 282 (E.D.N.Y. 2024) ("Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal."); *see also Lewis v. N. Gen. Hosp.*, No. 06-cv-4909, 2024 WL 55047, at *1 (S.D.N.Y. Jan. 4, 2024) ("[I]f an appeal is frivolous it is not taken in good faith."). Plaintiff's hasty conjecture that this standard procedural language "discriminates" against him or "prejudges" him is misguided.

Moreover, this language does not prevent Plaintiff from filing a notice of appeal or seeking IFP status from the Court of Appeals. *See* Fed. R. App. P. 24(a)(5); *see also, e.g., Mamot v. Bd. of Regents*, No. 08-cv-1451, 2008 WL 3851692, at *1 (E.D.N.Y. Aug. 14, 2008) ("Certification by a district court that an appeal would not be taken in good faith does not foreclose the litigant's right to request *in forma pauperis* status on appeal.").

### B. "False Statements" and Favoritism

Next, Plaintiff claims that my decisions "throughout this entire case . . . always favored the defendant Amazon" and that I "presented false statements" in the Dismissal Order. Mot. at 7. Setting aside that I already addressed these arguments in denying the First Disqualification Motion, *see* January 29, 2025, Text Order, his allegations are unsupported by the record and amount to disagreements with my judicial opinions. "A 'mere disagreement with the district court's underlying judgment does not present extraordinary circumstances' justifying relief under Rule 60(b)(6), and Rule 60(b)(6) is not a mechanism to appeal a judgment with which a party

8

disagrees." *In re OpenAI, Inc., Copyright Infringement Litig.*, No. 24-cv-01514, 2025 WL 1707564, at *3 (S.D.N.Y. June 18, 2025) (quoting *Green v. Phillips*, 374 F. App'x 86, 89 (2d Cir. 2010)).

*   *   *

In short, Plaintiff fails to meet his burden under Rule 60(b) to present "highly convincing evidence" of "exceptional circumstances" warranting vacatur of the Judgment. *See, e.g., Simon v. United States*, No. 12-cv-5209, 2020 WL 832887, at *3 (S.D.N.Y. Feb. 20, 2020) ("Indeed, relief under Rule 60(b) is only warranted if the movant presents 'highly convincing' evidence that show extraordinary circumstances that merit relief.").

## CONCLUSION

For the reasons set forth above, Plaintiff's second motion seeking to disqualify me and vacate the judgment in this case, *see* ECF No. 71, is DENIED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith; therefore, *in forma pauperis status* is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to mail a copy of this Order to *pro se* Plaintiff.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
January 12, 2026

9